**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

CHARLES L. HENRE, SR. and
WILMA K. HENRE,

        Plaintiffs,

v.                                                Civil Action No. 14-CV-2096

OFFICER JASON ALLEN, in individual and official
capacities,

WILLIAM BAIS, in individual and official
capacities,

B BUNICH, in individual and official
capacities,

OFFICER TONY BURKS, in individual and official
capacities,

OFFICER BUSSELL, in individual and official
capacities,

OFFICER JOSEPH CAIHARR, in individual and official
capacities,

A. J. CANNON, in individual and official
capacities,

OFFICER WILLIAM CARVER, in individual and official
capacities,

OFFICER JESSE CRAWFORD, in individual and official
capacities,

J. K. CROMWELL, in individual and official
capacities,

J. M. DIAZ, in individual and official
capacities,

CAPTAIN DUNGAN, in individual and official capacities,

CAPTAIN HALLMARK, in individual and official capacities,

OFFICER HARPER, in individual and official capacities,

OFFICER BRANDON HOLLOWAY, in individual and official capacities,

D. A. HOPKINS, in individual and official capacities,

DETECTIVE KOBERLIEN, in individual and official capacities,

N. KOHRS, in individual and official capacities,

OFFICER TOMMY LEE, in individual and official capacities,

OFFICER PATRICK LOCKE, in individual and official capacities,

SGT. MACON, in individual and official capacities,

OFFICER MAGEE, in individual and official capacities,

L. MCINTOSH, in individual and official capacities,

OFFICER JOHN MISKEC, in individual and official capacities

DAVID E. MITCHELL, in individual and official capacities,

R. MURAN, in individual and official capacities,

SGT. NAVARRO, in individual and official

capacities,

CAPT. NICHOLSON, in individual and official
capacities,

SGT. RAYMOND NUNEZ, in individual and official
capacities,

OFFICER JASON PITTMAN, in individual and official
capacities,

B. ROBERTS, in individual and official
capacities,

J. SHEPARD, in individual and official
capacities,

OFFICER PAUL SIMONICH, in individual and official
capacities,

SGT. GEORGE SIMS, in individual and official
capacities,

OFFICER KEVIN SULLIVAN, in individual and official
capacities,

S. M. SUPER, in individual and official
capacities,

OFFICER KALVEN THORNE, in individual and official
capacities,

SGT. TURNER, in individual and official
capacities,

DETECTIVE UNDERWOOD, in individual and official
capacities,

MARK WILCOX, in individual and official
capacities,

DETECTIVE WOLF, in individual and official
capacities,

OFFICER JAMES ZAGER, in individual and official
capacities,

and JOHN/JANE DOES 1 – 30, Unified
Government of Wyandotte County/
Kansas City, Olathe, and Lenexa, Kansas
Police Officers,

           Defendants.

## **COMPLAINT**

COMES NOW, plaintiffs, Charles L. Henre, Sr. and Wilma K. Henre, by their counsel Joseph H. Cassell of Eron Law, P.A., and for their cause of action against defendants, allege and state as follows:

### General Allegations

1. Plaintiffs, at all times material, resided at 1963 N. 26th Street, Kansas City, Kansas with their grandson Jeremy Henre. Plaintiffs currently reside at 1901 N. 86th St., Kansas City, Kansas 66112.

2. Defendants are Kansas City, Lenexa, and Olathe, Kansas law enforcement officers.

### Jurisdiction and Venue

3. Jurisdiction of the Court is based upon 28 U.S.C. §1331 and 42 U.S.C. §1983. Venue is founded upon 28 U.S.C. §1391(b), as the cause of action arose in the district of Kansas.

General Allegations

4. On March 1, 2012, defendants responded to a domestic violence 911 call that had occurred at plaintiffs' residence, concerning an altercation between Jeremy Henre and his girlfriend Tiffany Chandler, allegedly involving a gun.

5. Previous to the 911 call, Charles Henre was not at home. Wilma Henre and Jeremy Henre were there. Jeremy, however, had left plaintiffs' residence after the altercation but before the 911 call.

6. Upon seeing some of the defendants arrive at her home, Wilma Henre went outside and told the police officers that no one, particularly Jeremy, was in plaintiffs' home.

7. Wilma Henre pleaded with defendants to allow her to go back inside her home to prove to defendants that no one was inside. Wilma repeatedly told defendants that the house was empty, that her grandson had left the premises and was not in the house, but she was ignored. Defendants detained Wilma and would not let her return to her home.

8. Defendants ignored Wilma Henre and refused to provide any information to her regarding their plans or possible actions. Fearing for the worse, Wilma made sure to inform defendants that the house was unlocked to prevent unnecessary damage

9. Between 2:00 and 3:00 p.m. that day, a defendant spoke with Jeremy Henre by telephone. Jeremy informed the police officer that he was in Kansas City, Missouri, and was not in the house.

10. Nonetheless, defendants executed a raid on plaintiffs' residence, after shooting tear gas into it, needlessly and recklessly ransacking plaintiffs' home, effectively destroying it and everything in it, continuing to do so, even though a K9 police dog indicated, as trained, that no humans were present.

11. All windows were shot out, front and back doors were destroyed by gunfire and blunt force, bullet holes riddled the home, furniture and appliances throughout the home were destroyed. Defendants used tear gas everywhere, on all floors and the basement of plaintiffs' home, leaving tear gas dust an inch thick. Defendants even drove an armored vehicle onto plaintiffs' front yard, damaging the sidewalk.

12. Defendants left plaintiffs' home unlivable.

13. Although the execution of a search warrant at times may require police officers to damage property in order to perform their duty, the threat posed must justify police conduct and the execution of the warrant must be reasonable.

14. In executing the search warrant, the police took actions that recklessly, unnecessarily, and unreasonably damaged plaintiffs' home and contents, including but not limited, to the following:

   (a) Defendants shot out the front door and screen door, kicked in the back door, and shot out every window in the house.
   (b) Defendants shot tear gas throughout the entire house, leaving an inch-thick layer of dust on everything, including but not limited to the HVAC system and the contents of the basement and the attic.
   (c) Defendants removed the contents of the closets in the home and trampled upon them with muddy boots.
   (d) Defendants put holes in the walls throughout the house.
   (e) Defendants knocked over a 42-inch flat screen television and stomped on the screen.

6

- (f) Defendants threw clothes, pictures, and other household items around the house.
- (g) Defendants broke the tile floor and medicine cabinet in the master bathroom.

15. The acts of defendants as described above constitute deprivations by defendants under color of law of plaintiffs' constitutional rights guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, which federal rights are also secured to plaintiffs by the provisions of 42 U.S.C. §1983.

16. The factual bases of the violations to plaintiffs' constitutional rights are the following:

- (a) Defendants engaged in unnecessarily destructive behavior, beyond that necessary to execute a search warrant effectively, in violation of the Fourth Amendment;
- (b) Defendants used force that was not reasonably necessary in executing the search warrant.

17. Plaintiff's constitutional rights under the Fourth, Fifth and Fourteenth Amendments were violated in the following manner:

- (a) Plaintiffs' constitutional rights to be protected against the unreasonable search and seizure of her residence and personal belongings located therein (Fourth Amendment);
- (b) Plaintiffs' constitutional right to be protected against the unreasonable execution of a search warrant (Fourth Amendment) and
- (c) Plaintiffs' constitutional rights to be protected against having their property taken without the due process of law (Fifth & Fourteenth Amendments).

## COUNT I
### (Claim for Deprivation of Constitutional Rights)

18. Defendant's conduct in the violation plaintiffs' constitutional rights to be protected from unlawful search and seizure, and deprivation of plaintiffs' property interests without due process of law under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, was done in violation of 42 U.S.C. §1983.

19. Due to defendant's conduct, plaintiffs are entitled to compensatory damages for deprivation of their constitutional rights and damage to their property as set forth above.

## COUNT II
### (Claim for Punitive Damages)

20. Defendants' conduct in executing violating plaintiff's constitutional rights secured by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution was shocking to the conscience, as well as oppressive, malicious, intentional and a reckless disregard of those constitutional rights.

21. Due to defendants' conduct, plaintiffs are entitled to punitive damages.

## RELIEF REQUESTED

WHEREFORE, plaintiffs, Charles L. Henre, Sr. and Wilma K. Henre, pray for judgment against defendants, as follows:

> A    Judgment against defendants for actual and presumed damages for the deprivation of plaintiffs' constitutional rights, excessive force, unreasonable search and seizure, and deprivation of property, in the amount of $100,000, pursuant to 42 U.S.C. §1983;

B Judgment against defendants for punitive damages for the deprivation of plaintiffs' constitutional rights in the amount of $100,000, pursuant to 42 U.S.C. §1983;

C Judgment for incidental and consequential damages as the court finds appropriate;

D Judgment for plaintiff's litigation expenses and attorney fees, pursuant to 42 U.S.C. §1988;

E For court costs and

F For all other just and proper relief in the premises.

ERON LAW, P.A.  
229 E. William Street, Suite 100  
Wichita, Kansas 67202  
Telephone: (316) 262-5500  
Facsimile: (316) 262-5559  
e-mail: jhcassell@eronlaw.net  
By: s/Joseph H. Cassell  
Joseph H. Cassell #10861  
Attorneys for plaintiffs

## **REQUEST FOR TRIAL BY JURY**

COME NOW, plaintiffs and request a trial by jury on all issues so triable.

s/ Joseph H. Cassell  
Joseph H. Cassell
